UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| WILLIAM P. TAYLOR, )<br>                                        )<br>                    Petitioner, )<br>                                        )<br>       vs.                          )         1:12-cv-906-TWP-DML<br>                                        )<br>BRIAN SMITH,                  )<br>                                        )<br>                    Respondent. )<br>                                        ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Because habeas petitioner William P. Taylor fails to show that this is the case with respect to the disciplinary proceeding challenged in this case, his petition for a writ of habeas corpus must be **denied** and this action dismissed.

**Discussion**

In a disciplinary proceeding identified as No. IYC 11-03-0166, Taylor was found guilty of violating a prison rule which prohibits inmate possession or use of unauthorized substances. The evidence favorable to the decision of the hearing officer is that at noon on March 8, 2011, a quantity of tobacco and marijuana was found toward the back of a photo album in a drawer. The photo album belonged to Taylor. Taylor was found guilty based on this evidence at a hearing conducted on March 22, 2011.

Contending that the proceeding was constitutionally infirm, Taylor seeks a writ of habeas corpus.

Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and Asome evidence in the record@ to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

Under *Wolff* and *Hill,* Taylor received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Taylor was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of its findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions which were imposed.

Taylor's claims that he was denied the protections afforded by *Wolff* are either refuted by the expanded record or based on assertions which do not entitle him to relief. "The touchstone of due process is protection of the individual against

arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Taylor to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 01/24/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

William P. Taylor
No. 960492
Plainfield Correctional Facility
727 Moon Road
Plainfield, IN 46168

Janine.huffman@atg.in.gov